**LOEW'S, Inc. v. MILWAUKEE TOWNE CORP.**

**No. 10647.**

United States Court of Appeals
Seventh Circuit.

Dec. 23, 1952.

Rehearing Denied Jan. 13, 1953.

Miles G. Seeley, Bryson P. Burnham, Francis E. Matthews and Robert W. Bergstrom, all of Chicago, Ill., John F. Caskey, New York City, Edward R. Johnston, Samuel W. Block, and Vincent O'Brien, all of Chicago, Ill. (Mayer, Meyer, Austrian & Platt, Johnston, Thompson, Raymond & Mayer, and Defrees, Fiske, O'Brien & Thomson, all of Chicago, Ill., of counsel), for appellants.

Thomas C. McConnell, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

Milwaukee Towne Corporation, engaged in the operation of a motion picture theatre in Milwaukee, Wisconsin, instituted its suit under the anti-trust laws, Title 15 U.S.C.A. § 1 et seq., against certain defendants for damages and injunctive relief. A judgment was obtained and a decree entered containing numerous injunctive provisions. Upon appeal this court in the main affirmed the judgment and, with certain modifications, approved the decree. Milwaukee Towne Corp. v. Loew's Inc., 7 Cir., 190 F.2d 561. Reference is made to our opinion for a statement of the issues and the names of the defendants involved. The instant appeal is by those who were defendants in that case, who filed in the District Court what is designated as a cross-complaint, in which Milwaukee Towne Corporation (sometimes called Towne) was designated as cross-defendant. Thus, the parties are designated as cross-plaintiffs-appellants and cross-defendant-appellee. In the briefs the former have been referred to as defendants, the latter as plaintiff, as they were in the original suit, and we shall characterize them in the same manner.

The original decree entered by the District Court contained Section V(b), which provides:

"* * * defendants or any of them * * * are perpetually enjoined from: * * * (b) preventing plaintiff, in the operation of the Towne Theatre in the City of Milwaukee, Wisconsin, from contracting for or from securing in the course of interstate trade and commerce, at fair and reasonable film rental, any motion picture film or films suitable for first-run exhibition in the City of Milwaukee, Wisconsin, by refusing to offer such picture to plaintiff at such fair and reasonable film rental. *A refusal on the part of plaintiff to accept such offer or to play a picture on the contracted play date shall not prevent defendants from contracting with any other exhibitor for a first run showing of the same.* (Italics ours.)"

On appeal, this court eliminated the italicized portion of the section; otherwise, it was approved.

Defendants instituted the instant proceeding for the purpose of obtaining an interpretation or construction of the provision as approved. The complaint discloses that there are seven first-run theatres in the central business district of Milwaukee, namely, the Towne, operated by the plaintiff; the Riverside, operated by Standard Riverside Company (not a defendant in the original suit); the Wisconsin, Palace and Strand, operated by Fox-Wisconsin Corporation, affiliated with defendant Twentieth Century-Fox Film Corporation; and the Warner and Alhambra, operated by defendant Warner Bros. Circuit Management Corporation. It is also alleged that there are other theatres in downtown Milwaukee which on occasion exhibit pictures on exclusive first run.

The complaint alleged:

"12. Cross-plaintiffs have been put upon notice by Towne that it takes the position that under the decree obtained by it, as modified, each cross-plaintiff distributor is required to offer each of its pictures to Towne for exclusive first

run exhibition in Milwaukee at 'fair and reasonable film rentals,' without requiring Towne to make any offer for such license and without regard to the terms which the operator of any other theatre, seeking to compete against Towne for such a license, might offer such distributor.

"13. Standard Riverside Company has put cross-plaintiff distributors upon notice that it demands and will expect to be offered by each of them an opportunity to obtain first run licenses equal in every respect to that offered to Towne.

"14. Cross-plaintiffs take the position that under said decree, as modified by the Court of Appeals, they are not enjoined from entertaining offers from other exhibitors in Milwaukee who desire to compete against Towne for first run licenses or from granting any such license to an exhibitor other than Towne from which it receives a higher acceptable offer."

The complaint further alleged:

"20. Because of the difference of opinion between cross-plaintiffs and Towne as to the proper construction of paragraph V(b) of the decree, as described above, Towne has threatened that it will instigate contempt proceedings against cross-plaintiffs, charging that by conducting their business in accordance with what they believe to be the correct interpretation of the decree they have violated the decree. * * *

"21. Cross-plaintiffs also are fearful that Towne, by delaying the initiation of contempt proceedings, might seek to build up a large claim for damages against them, based upon alleged violations of the decree."

The prayer for relief was:

"* * * that upon a full hearing of this cause the Court order adjudge and decree that Towne is not entitled under paragraph V(b) of the decree, to a competitive position superior to that of any other exhibitor, with respect to its right to obtain from cross-plaintiff distributors licenses to exhibit pictures on first run in Milwaukee, and that, if any such other exhibitor shall desire to compete against Towne for any such license, the rights of Towne under paragraph V(b) of the decree will be satisfied if Towne shall be afforded an opportunity to compete for and obtain such license at least equal, in all substantial respects, to the opportunity afforded such other exhibitor, such opportunity to include, as a minimum, a reasonable opportunity for Towne to offer to the distributor the film rental and other terms and conditions of license to which Towne shall be ready, able and willing to agree."

To this complaint plaintiff interposed a motion to strike for a number of reasons, (1) that the matters set forth were supplemental and that such a proceeding could not be filed without leave of court, which had not been obtained, (2) that the prayer of the cross-complaint disclosed that there was involved nothing more than a rehearing on matters and things ruled upon both by the District Court and this court, and (3) that allowance of the relief sought would constitute nothing more than a reversal of the District Court's previous action as well as the decision of this court.

The District Court made no ruling upon plaintiff's motion to dismiss but instead, and apparently with the approval of all parties, entered the order from which the instant appeal comes. The order recites, among other things, that the matter came on for hearing upon the defendants' complaint and plaintiff's motion to strike and "upon the issue raised as to the proper construction of Section V(b) of the injunction decree, which said issue is raised by the prayer of the cross-complaint and has been submitted by all parties for the determination of the Court on the record in this case * * *." The order states: "That the meaning of the words contained in Section V(b) of the decree entered herein [setting forth the section] is just what the words say, and that said decretal provision does not contemplate nor does it mean that plaintiff-cross-defendant's Towne Theatre must outbid any other theatre or theatres in order to obtain such

film or films for such first-run exhibition from said defendant distributors." The order further recites that the issues had previously been adjudicated against the contention of the defendants, that said adjudication constitutes the law of the case and that "the prayer of the cross-complaint, seeking a statement or decretal order from this Court to the effect that the provisions of the decree entered herein may be satisfied if the Towne Theatre shall be afforded an opportunity to compete for pictures first-run in Milwaukee by competitive bidding against all other exhibitors, including exhibitors affiliated with defendants in this case, be and the same is hereby denied."

It is thus evident that the District Court has construed the provision in question as meaning that defendants are enjoined from resorting to competitive bidding in order to determine what is a "fair and reasonable film rental," at which rental plaintiff is entitled to obtain from defendants motion picture film suitable for first-run exhibition.

The contested issue as stated by the defendants is:

"Whether the District Court erred in construing paragraph V(b) of the decree in this case to mean that the plaintiff need not compete with any other exhibitor in order to obtain from a defendant distributor an exclusive license to exhibit any of its pictures on first run in Milwaukee * * *."

Plaintiff asserts that the contested issue as stated by the defendants is neither a final nor an interlocutory order and, therefore, is not appealable, and that the only issue presented here is whether defendants can appeal from an order of a District Court which says "(1) that a decree means just what it says and (2) refuses to readjudicate the issue of competitive bidding which had already been decided by the District Court and by this Court against the contentions of defendants."

The premise upon which plaintiff predicates its contention relative to jurisdiction is, in our judgment, untenable. True, the District Court stated that the provision in controversy means "just what the words say." We need not be concerned whether such a meaningless order would have been appealable because, as shown, the court proceeded to place a construction upon the disputed provision which was decisive of the issue presented. Furthermore, we are doubtful that the issue of competitive bidding had theretofore been adjudicated by the District Court and we are certain, for reasons subsequently shown, that it was not adjudicated by this court. Moreover, the same reasons as previously shown were assigned in plaintiff's motion to dismiss the complaint. Notwithstanding, plaintiff's counsel stated in the argument before the District Court, "We think the court has jurisdiction to construe this decree any time it wants to. There is no question about the court's jurisdiction."

Furthermore, the court construed the provision in dispute in a manner which vitally affects the rights of both the defendants and the plaintiff. No case is cited by plaintiff which sustains its contention that such an order is not final, and we find none. We hold that the order is appealable.

Plaintiff's contention, as we understand, is that it is entitled under Section V(b) to a fixed and protected playing position superior to that of every other exhibitor in Milwaukee. In other words, it is entitled to license from defendant distributors any motion picture for an exclusive first-run exhibition without giving any other exhibitor, whether a party to this case or not, an opportunity to compete for such a license. Of course, it cannot be questioned but that defendants are entitled to receive from the plaintiff a "fair and reasonable film rental." When interrogated as to the method to be employed in determining such rental, the answer invariably is that the "decree means what it says." Plaintiff's counsel in his argument before the District Court stated, "Now, all that we have asked, all that we want, is reasonable film rental. If it is not fair and reasonable film rental, they have a right to refuse. There is no question about that." The effect of plaintiff's contention appears to be that it has the right to determine the fair and reasonable rental and that defendants must provide pictures based on such determination. In any event, it is certain that if a defend--

ant refuses to supply pictures on the rental basis determined by the plaintiff, such defendant assumes the risk of being charged with contempt.

 The instant controversy involves a basic issue, that is, whether a plaintiff in a civil action predicated upon the anti-trust laws is entitled to injunctive relief which will accord him a preferred status over his competitors. More specifically, the issue is whether such a plaintiff, after recovery of damages sustained as the victim of a conspiracy, is entitled to become the beneficiary and thereby relegate his competitors to an inferior position. We thought and still think that we decided this issue in our previous opinion. We stated, 190 F.2d at page 571:

"At the same time, we think that plaintiff is entitled to a decree which will place it only in the same competitive position which it would have occupied absent a conspiracy. The plaintiff has no right to the award of a position superior to that of other competitors."

In support of that statement we cited Bigelow v. RKO Radio Pictures, Inc., 162 F.2d 520, 524, wherein this court stated:

"The plaintiffs have a right to compete for any playing position, but they have no right to be awarded and protected by decree in any certain position."

Applying that principle, we eliminated from Section V(b) the language heretofore shown in italics because we thought it awarded plaintiff a preferred status inasmuch as defendants would not have been permitted to offer their first-run pictures to other exhibitors until they had been refused by the plaintiff.

 Notwithstanding our express purpose in such elimination, it is now urged upon us that the portion of Section V(b) which we approved awarded plaintiff a preferred status in that it is not required to compete for first-run films. The District Court, as shown in the order under attack, appears to have embraced that theory. In our view, the provision is not reasonably susceptible of such a construction and it is certain that it was not so construed by this court. The provision, stripped of its legalistic verbiage, does nothing more than enjoin defendants from refusing to offer picture films to plaintiff at a fair and reasonable rental. Plaintiff is not entitled to films for less and defendants are enjoined from charging more. Neither in the provision under attack nor elsewhere in the decree is any formula or yardstick provided for the ascertainment of what would constitute a fair and reasonable rental. We thought the decree was purposely drawn in general terms so as to meet the variable circumstances which the future might develop. That which we call common sense led us to the belief that competition would be the yardstick for determining a fair and reasonable rental. There may be other means of making such a determination but, if so, they are not known to us and it is significant that none have been suggested.

Paragraph V(e) enjoins defendants from "preventing plaintiff from negotiating for a first run of motion pictures at the same time as defendant exhibiting companies * * *." This provision, which places plaintiff and defendant exhibitors upon a par in negotiating for first-run pictures, certainly is not consistent with plaintiff's theory that it is entitled to a preferred position. It is more consistent with our theory that the objective was to preserve rather than destroy competitive factors.

It is true, of course, as pointed out by the plaintiff, that defendants proposed to the District Court originally a provision in lieu of Section V(b) and that the same or a similar proposal was urged upon this court. Without going into detail, the substance of the proposal if adopted would have expressly given the plaintiff a fair competitive opportunity to obtain licenses from the defendant distributors for first-run exhibition. We thought, by the provision which we approved in connection with that which we eliminated, the same purpose was served. Particularly is this so in view of our holding that plaintiff was not entitled to the award of a position superior to that of its competitors. Under such circumstances, there is no merit in the contention that the issue now in question has been adjudicated

adversely to the defendants or that the controversy is merely a rehearing of a matter previously decided.

This appears an appropriate point to take note of the litigation which culminated in United States v. Paramount Pictures, Inc., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, which plaintiff's counsel stressed in his argument to the District Court. In this court, however, plaintiff asserts that it has never contended that the decision in the Paramount case precludes a court in private litigation from inserting a provision for competitive bidding in an injunction decree. This concession obviates the occasion for any detailed discussion of that case. Certainly the reasons assigned by the Supreme Court for rejecting the elaborate system of competitive bidding, applicable to a nation-wide industry, set up by the Statutory Court from which the appeal came, bears little relation to a situation where all competing exhibitors are in the same restricted locality. A highly significant factor, however, is that both the Statutory and the Supreme Court were concerned in devising a system by which exhibitors might be afforded an opportunity to compete for pictures. To accomplish such purpose, the Statutory Court devised the system of competitive bidding. The Supreme Court rejected this system and suggested another in its stead, that is, that the producing and distributing interests be divorced and divested from that of exhibition. There is not a word in the original opinion of the Statutory Court D.C., 66 F.Supp. 323, in the opinion of the Supreme Court or in the later opinion of the Statutory Court, D.C., 85 F.Supp. 881, which affords the slightest support for the theory advanced in this case, that plaintiff is entitled to a position superior to that of its competitors. The basic reasoning of Paramount is that theatres, particularly small independent theatres, are entitled to an equality of opportunity in the procurement of pictures, and not that they are entitled to preferred consideration. That this was the result achieved is forcibly shown by the decretal provision entered by the Statutory Court following the decision of the Supreme Court. That decree enjoined defendant distributors "from licensing any feature for exhibition upon any run in any theatre in any other manner than that each license shall be offered and taken theatre by theatre, solely upon the merits and without discrimination in favor of affiliated theatres, circuit theatres, or others." [page 898.]

Of course, we must keep in mind that the question before us relates only to construction and not to modification of the decree. Even so, we think it pertinent to observe that the construction which plaintiff would have us place upon the provision in controversy would produce a conflict with the provision in the Paramount decree, which should be avoided if possible. The defendants here were defendants in the Paramount case and, if the decree before us were construed as plaintiff would have us do, defendants would in all probability find themselves in contempt of one court or the other. On the other hand, our construction eliminates the conflict, certainly in part and perhaps in toto.

It is also suggested that a competitive bidding system would require too much supervision on the part of the court. True, this suggestion was made by the Supreme Court in the Paramount case. The marked difference, however, in the situation there before the court and that here makes the suggestion of little consequence. However, the extent of controversies arising between the parties will determine the amount of court supervision required, and we can visualize no system calculated to be productive of more controversies than that which plaintiff espouses in the instant matter.

There may be merit to plaintiff's argument that to engage in competition will place it at a financial disadvantage. The District Court appears to have been much impressed with this argument. It stated that a requirement of competitive bidding "would be suicidal for the Milwaukee Towne Corporation." The argument is speculative; there are no facts upon which it is predicated. Further, it is in marked contrast to plaintiff's argument in the original case that its theatre was equal to or better than those which had been licensed

with priority of run and that if plaintiff were permitted to compete on equal terms it could earn and pay license fees at least as great as those which the defendant distributors had been receiving from their allegedly favored customers. In any event, the argument does not alter what we think is a fundamental principle of law, i.e., that plaintiff is entitled only to an equality of opportunity and not to a favored position which would be discriminatory as to its competitors.

It also should be kept in mind that the Riverside Theatre, one of plaintiff's competitors, is not owned by any defendant in this suit and that it has made a demand upon the defendants for an opportunity to obtain first-run licenses upon terms equal to those offered the plaintiff. Moreover, neither Loew's nor Paramount owns any theatres in Milwaukee with which plaintiff is in competition. And as to the competing theatres owned by some of the defendant distributors, we think it not improper to anticipate that such ownership either has been or shortly will be terminated by reason of the decree in the Paramount case. As was stated recently by this court in Bigelow v. Balaban & Katz Corporation, 7 Cir., 199 F.2d 794, 796,

> "No doubt the separation of interests required by the Paramount decree, together with the divestiture required by a similar consent decree against RKO, and by the final decree of the Expediting Court entered against all other defendants February 8, 1950, to be completed within three years thereafter, will eventually be effective to eradicate all illegal concert of action between the production-distribution and the exhibition branches of the industry."

Thus it would seem that the handicap which plaintiff foresees if required to compete with theatres owned by defendant distributors will be eliminated upon their compliance with the decree in the Paramount case.

1. Judge KERNER heard the oral argument in this case, participated in conferences which followed, agreed generally as to

 In summary, we reiterate our previous holding that plaintiff is entitled to the same competitive position which it would have occupied absent a conspiracy and that it has no right to the award of a position superior to that of its competitors. Thus, we interpret a "fair and reasonable film rental" as provided for in Section V (b) of the decree to mean a rental determinable by competition. The decree is silent as to the system or method to be employed in making such determination. To now specify a system or method would require a modification of the decree, which neither the District Court nor this court is called upon to make. It devolves upon the defendants, whatever system or method is utilized, to make certain that plaintiff in the procurement of pictures is afforded every opportunity, right and privilege accorded a competitor, that and no more.

The order appealed from is reversed and the cause remanded, with directions for the entry of an order not inconsistent with this opinion.[1]

the result which should be reached, but died without approving the opinion.